UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

```
************************************
THOMAS E. PEREZ, Secretary of Labor,      *
 United States Department of Labor,       *
                                          *
           Plaintiff,                     *
                                          *   CIVIL ACTION
           v.                             *
                                          *   FILE NO. 3:13-cv-1809
F.V. ZANETTI, INC.,                       *
 and ROBERT ZANETTI,                      *
 in their capacity as fiduciaries of the F.V. Zanetti *
 Prevailing Wage 401(k) Plan,             *
                                          *
           Defendants.                    *
************************************
```

## COMPLAINT

Thomas E. Perez, Secretary of the United States Department of Labor, hereby alleges:

(1)     This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2)     The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3)     Venue of this action lies in the District of Connecticut pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4)     During the pertinent period, August 1, 2009 to the present ("the pertinent period"), F.V. Zanetti, Inc. ("the company") has been an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and has been a corporation having an office and place of business at 1131 Boston Post Road, West Haven, Connecticut 06516, within the jurisdiction of this Court.

(5)     On January 1, 2009, the company established the F.V. Zanetti, Inc. Prevailing Wage 401(k) Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(6)     The purpose of the Plan is to provide pension benefits for the exclusive benefit of its participants, employees of the company, and their beneficiaries. According to Plan documents, the Plan was to be funded by prevailing wage fringe benefit contributions for those employees hired under Federal, State (Connecticut), or Municipal prevailing wage contracts. The formula for computing those contributions was based on the number of hours worked, the employee job classification, and the prevailing wage rates applicable to a particular covered contract. The Plan provides for participants to direct their own accounts, pursuant to ERISA §404(c), 29 U.S.C. § 1104(c).

(7)     The company was, and is, the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and was, and is, the Plan Administrator during the pertinent period and, as such, was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, at all times

relevant hereto, the company was, and is, a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

(8) During the pertinent period, Defendant Robert Zanetti ("Zanetti"), Vice-President of the company and son of the company's founder, was, and is, a Trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan. As such, Zanetti was, and is, a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, during the pertinent period, Defendant Zanetti was, and is, a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H). Defendant Zanetti resides at 155 Martin Lane, Orange, Connecticut 06477, within the jurisdiction of this Court.

(9) During the pertinent period, Defendant Zanetti, as a Trustee, was, and is, responsible for receiving and collecting any and all monies and other property due to the Plan, and for properly managing the assets of the Plan.

(10) During the pertinent period, Defendant Zanetti failed to take appropriate measures to collect the fringe benefit contributions totaling $16,066.00, plus $1,600.00 in interest, due to the Plan from the company for the employee-participants who performed work pursuant to state prevailing wage laws.

(11) During the pertinent period, Defendant F.V. Zanetti, Inc. and Robert Zanetti failed to file the Plan's Form 5500 Annual Reports with the Secretary of Labor, U.S. Department of Labor.

(12) During the pertinent period, Defendants F.V Zanetti, Inc. and Robert Zanetti failed to provide Plan participants with Summary Plan Descriptions and Annual Reports.

(13) During the pertinent period, Defendants F.V. Zanetti and Robert Zanetti failed to maintain a fidelity bond to protect the Plan.

(14) As a result of the conduct set forth at paragraphs 9-10, Defendant Robert Zanetti failed to discharge his fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(15) As a result of the conduct set forth at paragraphs 9-10, Defendant Robert Zanetti failed to discharge his fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(16) As a result of the conduct set forth at paragraphs 9-10, Defendant Robert Zanetti failed to discharge his fiduciary duties in accordance with the Plan documents, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

(17) As a result of the conduct set forth at paragraphs 11-12, Defendants F.V. Zanetti, Inc. and Robert Zanetti violated ERISA § 101(a) and § 101(b), § 103(a)(1)(A), § 104(a)(1) and § 104(b), 29 U.S.C. § 1021(a) and § 1021(b), 29 U.S.C. § 1023(a)(1)(A), § 1024(a)(1) and § 1024(b).

(18) As a result of the conduct set forth at paragraph 13, Defendants F.V. Zanetti, Inc. and Robert Zanetti were in violation of ERISA § 412, 29 U.S.C. § 1112.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA § 404, 29 U.S.C. § 1104;

(2) Requiring Defendants to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and violations they committed or for which they are liable, with appropriate interest;

(3) Requiring Defendants to see that appropriate allocations and disbursements are made to each of the Plan's participants whose Plan accounts were underfunded, and that the Plan is then terminated;

(4) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

| | |
|---|---|
| Deirdre M. Daly<br>Acting U.S. Attorney<br>District of Connecticut<br>Connecticut Financial Center<br>157 Church St., 25th Floor<br>New Haven, CT 06510<br>(203) 773-5376 | M. Patricia Smith<br>Solicitor of Labor<br><br>Michael D. Felsen<br>Regional Solicitor<br><br>*/s/ Gail E. Glick*<br><br>Gail E. Glick<br>Attorney<br><br>U.S. Department of Labor<br>Attorneys for Plaintiff<br><br>Post Office Address:<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Building<br>Room E-375<br>Boston, MA 02203<br><br>TEL: (617) 565-2500<br>FAX: (617) 565-2142<br><br>DATE: December 5, 2013 |